UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANTHONY ROLAND,<br>　　　　Plaintiff<br><br>　　　v.<br><br>NBC SUBSIDIARY (WMAQ-TV) LLC,<br>　　　　Defendant | No. 24 CV 4500<br><br>Judge Jeremy C. Daniel |

## ORDER

The defendant's Motion to Dismiss [23] is granted. Civil case terminated.

## STATEMENT

The plaintiff, Anthony Roland, *pro se*, sues the defendant NBC Subsidiary (WMAQ-TV) LLC ("NBC") for "intrusion on seclusion" (Count I) and negligence under 19 U.S.C. § 1592 (Count II). (R. 21 ((First Amended Complaint ("FAC")) ¶¶ 23–49.) NBC moves to dismiss for failing to state a claim. (R. 23.)

To survive a motion to dismiss, a complaint only needs to contain factual allegations that, when accepted as true, are sufficient to "state a claim that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554–57 (2007)). Because the plaintiff initiated this action *pro se*, his complaint is construed liberally. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015). The court may read the complaint "broadly" and make necessary assumptions where the facts do not "definitely identify" the plaintiff's challenges. *Obriecht v. Raemisch*, 517 F.3d 489, 492 n.2 (7th Cir. 2008). The court, however, "need not accept as true statements of law or unsupported conclusory factual allegations." *Bilek v. Fed. Ins. Co.*, 8 F.4th 581, 586 (7th Cir. 2021). Moreover, the Court may dismiss fantastic or delusional allegations. *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000); *see also Dix v. Unknown TSA Agent No. 1*, 588 F. App'x 499, 499 (7th Cir. 2015) (nonprecedential).

The plaintiff asserts that NBC is conducting "unauthorized zoom" calls through his television, then broadcasting footage of the plaintiff, commenting on his activities, and repeating his hand gestures back at him. (FAC ¶¶ 8–11, 25–28.) The plaintiff asserts that strangers have acknowledged his appearance on television. (*Id.* ¶ 14). He also reports being stalked and attacked by strangers who were tired of seeing him on NBC. (*Id.* ¶¶ 33–36.)

The Court begins with Count II, the plaintiff's negligence claim under 19 U.S.C. § 1592. (*Id.* ¶ 40.) This statute concerns "penalties for fraud, gross negligence, and negligence" regarding imports and custom duties. 19 U.S.C. § 1592. The plaintiff does not allege any facts concerning imports or customs, and therefore Count II is dismissed.

Turning to Count I, the plaintiff's claim for "intrusion on seclusion," is a recognized cause of action in Illinois. *Lawlor v. N. Am. Corp. of Illinois*, 983 N.E.2d 414, 425 (Ill. 2012). However, even a liberal reading of the complaint reveals that the allegations are not plausible, but rather "reflects paranoid and delusional fears and is frivolous." *Dix*, 588 F. App'x. at 499 (affirming dismissal of a complaint alleging "a vast, nationwide conspiracy to rig the security equipment used at airports"). Count I is therefore dismissed. *Lee*, 209 F.3d at 1026.

Accordingly, the defendant's Motion to Dismiss is granted. This is the fourth time Mr. Roland has presented his claims of unauthorized surveillance via television to a federal court, and the fourth time they have been rejected. *See Roland v. U.S. Department of Justice*, No. 22 CV 1066, R. 76 (N.D. Ill. Mar. 15, 2023); *Roland v. Pai*, No. 19 CV 3128, R. 10 (N.D. Ill. June 11, 2019); *Roland v. Fed. Gov't*, No. 18 CV 5363, R. 11 (N.D. Ill. Aug. 28, 2018). Leave to amend is unjustified in these circumstances. *Foman v. Davis*, 371 U.S. 178, 182 (1962) (granting leave to amend is properly denied where amendment would be futile).

Date: November 7, 2024

JEREMY C. DANIEL
United States District Judge